UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES EARVIN MACKLIN,                No. 2:11-cv-00258 MCE-DAD

      Plaintiff,

   v.                                **MEMORANDUM and ORDER**

ONEWEST BANK, F.S.B., as
successor in interest to INDYMAC
BANK, F.S.B., a Federally
Chartered Bank et al.,

      Defendants.

----oo0oo----

Plaintiff Charles Macklin ("Plaintiff") seeks redress against Defendants Onewest Bank, F.S.B. ("Onewest"), the Federal Home Loan Mortgage Corporation ("Indymac"), Titanium Solutions, Inc., and MTC Financial Inc. dba Trustee Corps. ("MTC," collectively, "Defendants") relating to a mortgage note and Deed of Trust on Plaintiff's home, executed in 2007.  Plaintiff asserted this action in Sacramento County Superior Court, and Defendant Indymac timely removed the case to this Court.

///

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Presently before the Court are two separate Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]; one filed by Defendants Onewest and Indymac, and another filed by Defendant Titanium Solutions, Inc. (See ECF Nos. 10 and 14, respectively.)  For the reasons stated below, Defendants' Motions to Dismiss are granted.[2]

**BACKGROUND[3]**

    Plaintiff purchased a property in late 2007 with a principal loan from Indymac.  In late 2008, Plaintiff contacted Indymac to inquire about a home loan modification.  The bank's representative subsequently indicated that Plaintiff could not qualify for a home loan modification because he was not in arrears.  Relying on the representative's advice, Plaintiff ceased paying his mortgage.  In early April 2009, Defendant MTC recorded a Notice of Default, and Plaintiff received notice of the default and that he owed over $10,000.00 on his mortgage.

///
///
///
///

_____

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

In September 2009, Plaintiff's home was foreclosed upon and sold in a trustee's sale. Plaintiff never received word or notice of the pending sale. Plaintiff maintains he had the means to continue paying his mortgage, but failed to do so based upon the advice Indymac's representative gave him; namely that to qualify for a loan modification, the mortgage had to be in arrears.

In May 2010, Plaintiff, represented by different counsel, filed an action in this Court under the case caption <u>Charles Macklin v. Indymac Bank et al.</u>, 2:10-cv-1081 (the "Original Case"). The facts in the Original Case are nearly identical to the facts alleged in the instant Complaint. The Original Case alleged twelve causes of action, including fraudulent inducement of contract, and various violations of California Business & Professions Code § 17200 et seq. Defendant Titanium Solutions Inc. filed a motion to dismiss the complaint in the Original Case on June 9, 2010.

The Court granted Defendant's Motion, and gave Plaintiff leave to amend his complaint. Plaintiff failed to do so in a timely fashion, and the causes of action against Defendant Titanium Solutions Inc. were dismissed with prejudice. In August 2010, Defendants Onewest and Indymac filed their motion to dismiss. Plaintiff failed to file a response to either motion, and similarly failed to appear at the hearing on September 30, 2010. The Court sanctioned Plaintiff's counsel for failing to appear, and dismissed the entire case with prejudice.

///
///
///
///

3

In January 2011, Plaintiff, represented by new counsel, filed the instant action requesting damages and relief for violations of California code and breach of oral contract.  After Defendant Indymac removed the action, this Court related the Original Case to the instant caption in the interest of judicial economy. (See Related Case Order, ECF No. 16.)

Defendants all contend that Plaintiff's suit is barred by the doctrine of res judicata, or claim preclusion, since similar issues were properly litigated in the Original Case.  Plaintiff believes the instant suit is proper because the recent complaint did not include identical causes of action to the Original Case, and there are facts at issue that did not exist at the time the Original Case was dismissed.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

///

///

1

2        Though "a complaint attacked by a Rule 12(b)(6) motion" need

3   not contain "detailed factual allegations, a plaintiff's obligation

4   to provide the 'grounds' of his 'entitlement to relief' requires

5   more than labels and conclusions, and a formulaic recitation of the

6   elements of a cause of action will not do." Id. at 555 (quoting

7   Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's

8   "factual allegations must be enough to raise a right to relief

9   above the speculative level." Id. (citing 5 C. Wright & A. Miller,

10  Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he

11  pleading must contain something more...than...a statement of facts

12  that merely creates a suspicion [of] a legally cognizable right of

13  action.")).

14        Further, "Rule 8(a)(2)...requires a 'showing,' rather than a

15  blanket assertion, of entitlement to relief. Without some factual

16  allegation in the complaint, it is hard to see how a claimant could

17  satisfy the requirements of providing...grounds on which the claim

18  rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted).

19  A pleading must then contain "only enough facts to state a claim to

20  relief that is plausible on its face." Id. at 570. If the

21  "plaintiffs...have not nudged their claims across the line from

22  conceivable to plausible, their complaint must be dismissed." Id.

23        Once the court grants a motion to dismiss, they must then

24  decide whether to grant a plaintiff leave to amend. Rule 15(a)

25  authorizes the court to freely grant leave to amend when there is

26  no "undue delay, bad faith, or dilatory motive on the part of the

27  movant." Foman v. Davis, 371 U.S. 178, 182 (1962).

28  ///

    ///

In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

     District courts retain "broad discretion to control their dockets," and may impose "sanctions including, where appropriate, default or dismissal."  Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007) (internal citations omitted).  As such, a district court may "dismiss a duplicative later-filed action."  Id.  Plaintiffs generally "have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Id. (internal citations omitted).  Dismissal of a duplicative lawsuit, "more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  Id. at 692.  To determine whether a suit is duplicative, the test for claim preclusion applies.  See id. at 688.

///
///

1

2          Claim preclusion, or res judicata, is applicable when there is

3  "(1) an identity of claims, (2) a final judgment on the merits, and

   (3) privity between parties."  United States v. Liquidators of Eur.
4
   Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011).  The first
5
   prong of the test is satisfied, not by pleading identical causes of
6
   action, but by demonstrating the suits are part of the "same
7
   transaction or series" and "whether they could conveniently be
8
   tried together."  Adams, 487 F.3d at 689.  However, the analysis is
9
   fluid, and to determine the identity of claims, the Ninth Circuit
10
   employs a four-part test: (1) whether "rights or interests
11
   established in the prior judgment would be destroyed or impaired"
12
   by the second action moving forward; (2) whether "substantially the
13
   same evidence" is presented in both actions; (3) whether the suits
14
   "involve infringement of the same right;" and (4) whether the suits
15
   arise from the same set of facts.  Id.  See also Liquidators,
16
   630 F.3d at 1150.  The "most significant factor is that the causes
17
   of action arise from a common transactional nucleus of facts."
18  Adams, 487 F.3d at 691.

19          Regarding the second requirement that there be a final

20  judgment on the merits, a dismissal for failure to state a claim,

21  or failure to prosecute, constitutes final judgment for purposes of

22  res judicata analysis.  Plaut v. Spendthrift Farm, Inc., 514 U.S.

23  211, 228 (1995).  Third, identical parties obviously belie privity

24  between them.  Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l

25  Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal

26  citations omitted).

27  ///

28  ///

7

In the instant case, it is clear the later-filed complaint is duplicative of the first, largely because the causes of action arise from a common transactional nucleus of facts.  The facts alleged in each complaint are nearly identical, and the causes of action in both suits stem from the same original mortgage loan transaction.  Plaintiff fully described in both complaints the extent of his protracted and contentious negotiations with Indymac and Defendants to obtain a loan modification.  He stated unequivocally in both complaints that he felt Indymac's denial of a loan modification and the ensuing foreclosure proceeding were manifestly unjust and illegal.

The causes of actions pled are distinct between the two suits (the original complaint never pled wrongful foreclosure, for example), however the same evidence is presented and the same facts are relied upon to prove the issues raised in both.  Further, nothing precluded Plaintiff from raising these later claims in the Original Case.[4]  Allowing the duplicative later suit to move forward sets a terrible precedent.  The prior judgment, standing alone, properly adjudicated the case which established that because Plaintiff and his attorney failed to follow proper procedure, the case could not stand.

///

///

_____

[4] Plaintiff, in his opposition, states that there are facts now available that could not have been brought in the Original Case, in particular facts relating to an "Unlawful Detainer action." (See Pl.'s Opp., ECF No. 19, at 3.)  However, none of the facts surrounding this unrelated action, or any other new facts, were included in the Complaint filed in early 2011.  Therefore, this argument is not persuasive.

8

There are other remedies at law available to any plaintiff who is unsatisfied with the final judgment of their case, such as filing an appeal, rather than filing a duplicative suit in the same court.

The identity of claims prong satisfied, the Court turns to the other two elements of claim preclusion. The Original Case was dismissed upon a hearing regarding Defendants Indymac and Onewest's Motion to Dismiss pursuant to Rule 12(b)(6). The case was adjudicated on the merits. The Court sympathizes that Plaintiff's previous attorney failed to properly advocate Plaintiff's position, but that does not undo the Court's decision in any way or infringe on the finality of the Court's previous decision. Lastly, Plaintiff has sued the same parties from the Original Case, which more than establishes privity.[5] Onewest, Indymac, Titanium Solutions, Inc. and MTC (though previously sued as Trustee Corp.) are parties to both actions and causes of action are alleged against each of them.

///
///
///
///
///
///
///
///

---

[5] Plaintiff argues that Defendant MTC Financial, Inc. is a newly added party to the action in his Opposition, however, his newly filed Complaint recognized MTC Financial, Inc. as dba Trustee Corps. Trustee Corps. was sued in the Original Case, and therefore, Plaintiff's argument lacks merit.

1
2

**CONCLUSION**

3
4

    For the foregoing reasons, Defendants' Motions to Dismiss (ECF

5

Nos. 10 and 14) are GRANTED without leave to amend.   The Clerk is

6

ordered to close the case.

7

    IT IS SO ORDERED.

8

DATED: April 6, 2011

_____

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28